UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHERYL HAMPTON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-1667** |
| **HOUSTON SPECIALTY INSURANCE COMPANY, ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] to remand filed by the plaintiffs, Sheryl Hampton and Roy Hampton ("the Hamptons") on behalf of their interdicted daughter Tammy Antoinette Hampton ("Tammy"). The Hamptons contend that this Court lacks subject matter jurisdiction because complete diversity is lacking. Aggreko, L.L.C. ("Aggreko"), the removing defendant, opposes[2] the motion, arguing that the Hamptons have settled with all non-diverse defendants. For the following reasons, the Court grants the motion to remand.

### I.   BACKGROUND

This case arises out of a motor vehicle collision.[3] The Hamptons allege that truck driver Peter James Wilson ("Wilson") is liable for striking a car driven by Diamond Vernell Davenport ("Davenport").[4] According to the state court petition, Tammy was a passenger in Davenport's vehicle, and Tammy suffered "catastrophic,

---

[1] R. Doc. No. 6.
[2] R. Doc. Nos. 8 & 12.
[3] R. Doc. No. 1-2, at 4 ¶¶ 3–5.
[4] *Id*.

life threatening, and permanent injuries" in the collision.[5]  The petition alleges that at the time of the crash, Wilson was driving a truck owned by his employer, Hunter Trucking, L.L.C. ("Hunter Trucking") and Cortez Hunter ("Hunter").[6]  The petition further claims that Houston Specialty Insurance Company ("Houston Insurance") issued the primary liability policy for the truck driven by Wilson; Hallmark Insurance Company ("Hallmark Insurance") issued an excess policy of insurance for the same; and GoAuto Insurance Company ("GoAuto Insurance") issued a comprehensive automobile liability insurance policy for the vehicle operated by Davenport.[7]  Wilson and Hunter Trucking were allegedly transporting a shipment for their client, Aggreko, at the time of the accident.[8]

On May 6, 2021, the Hamptons filed the instant action in the Orleans Parish Civil District Court against Wilson, Hunter, Hunter Trucking, Houston Insurance, Hallmark Insurance, Davenport, GoAuto Insurance, and Aggreko.[9]  The Hamptons assert, *inter alia*, claims for negligence against Wilson and his insurers, vicarious liability and direct negligence claims against Hunter and Hunter Trucking, and a claim for negligent hiring, training, and supervision against Aggreko.[10]

The Hamptons and Aggreko agree that Davenport, GoAuto Insurance, and Hallmark Insurance had been dismissed from this action prior to removal.[11]  The

---

[5] R. Doc. No. 1-2, at 5 ¶ 10.
[6] *Id.* at 4 ¶ 6.
[7] *Id.* at 6 ¶ 15; 11 ¶ 30.
[8] *Id.* at 6 ¶ 14.
[9] *Id.* at 3.
[10] *Id.* at 4–13.
[11] R. Doc. No. 6-1, at 3; R. Doc. No. 8, at 3.

Hamptons and Tammy are Louisiana citizens.[12] Defendants Hunter, Hunter Trucking, and Wilson are also Louisiana citizens.[13] Aggreko is a citizen of Delaware and Texas;[14] and Houston Insurance is described only as a "foreign insurance company."[15]

On September 8, 2021, Aggreko removed the case to this Court, invoking diversity jurisdiction.[16] Aggreko argues that the action became removable once Aggreko learned that it is the only remaining "real party defendant" in the action.[17] Aggreko maintains that the Hamptons have voluntarily extinguished their claims against all other defendants.[18] In support of this contention, Aggreko originally

---

[12] R. Doc. No. 1-2, at 3.
[13] R. Doc. No. 1-2, at 3–5; R. Doc. No. 8, at 3. The Hamptons' petition states that Hunter is domiciled in Louisiana. R. Doc. No. 1-2, at 4. Hunter affirms in a sworn exhibit that he is a Louisiana resident and the President of Hunter Trucking, L.L.C. *See* R. Doc. No. 1-5, at 3. Aggreko concedes in its notice of removal that Wilson, Hunter, and Hunter Trucking are not diverse to the Hamptons. *See* R. Doc. No. 1, at 6. Therefore, the Court considers that Hunter Trucking is a Louisiana citizen based on Hunter's citizenship. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of a limited liability company is based on the citizenship of its members).
[14] The Hamptons' petition alleges that Aggreko is a citizen of Louisiana. *See* R. Doc. No. 1-2, at 3 ¶ 5. Aggreko claims in its notice of removal that it is a citizen of Delaware and Texas, the state of incorporation and the principal place of business, respectively, of Aggreko's parent company, Aggreko Holdings, Inc. *See* R. Doc. No. 1, at 8 ¶ 28. The Hamptons do not challenge Aggreko's citizenship claims in their motion to remand. The Court therefore accepts that Aggreko is a citizen of Delaware and Texas.
[15] R. Doc. No. 1-2, at 3–4. The Louisiana state court petition merely describes Houston as a "foreign insurance company authorized to do and doing business in the State of Louisiana." *Id.* at 3. The petition does not indicate the state of Houston Insurance's incorporation or principal place of business. *See* R. Doc. No. 1-2, at 3. Aggreko does not specify Houston's citizenship in its notice of removal or briefing. *See, e.g.*, R. Doc. No. 1, at 6; R. Doc. No. 8, at 2–3; R. Doc. No. 12, at 2.
[16] R. Doc. No. 1, at 6.
[17] R. Doc. No. 8, at 3.
[18] R. Doc. No. 1, at 4 ¶ 9.

3

offered an August 9, 2021 letter sent to the Hamptons' attorney ("the August 9th letter").[19] Included with the August 9th letter are unsigned joint motions to dismiss all other defendants besides Aggreko.[20] Aggreko contends that these unsigned, unfiled motions are "dismissals" with respect to Wilson, Hunter, Hunter Trucking, and Houston Insurance.[21] Also attached to the August 9th letter was an exhibit signed by Hunter (the "Hunter Affidavit"), which describes the Houston Insurance and Hallmark Insurance policies.[22]

The Hamptons seek remand, arguing that this case lacks complete diversity because Louisiana citizens Wilson, Hunter, and Hunter Trucking have not been dismissed from the action.[23] The Hamptons also seek attorneys fees and costs related to the motion to remand.[24] In their argument, the Hamptons do not affirmatively state whether they executed a settlement agreement with Wilson, Hunter, or Hunter Trucking; instead, they argue that they have "not dismissed" those defendants.[25]

In its opposition, Aggreko asserts that the Hamptons have no viable claims against the non-diverse defendants and that Aggreko is the only remaining "real party" to this action.[26] Aggreko attaches to its opposition a joint motion to dismiss with prejudice for Houston Insurance, which was filed in Louisiana state court and

---

[19] R. Doc. No. 1-5, at 1.
[20] *Id.* at 7–12.
[21] R. Doc. No. 8, at 3.
[22] *Id.* at 3–5.
[23] R. Doc. No. 6-1, at 1, 3–4.
[24] *Id.* at 6.
[25] *Id.* at 3
[26] R. Doc. No. 8, at 1.

4

granted on September 30, 2021.[27] According to Aggreko, Houston Insurance and Hallmark Insurance were "representatives" for the non-diverse defendants.[28] Aggreko maintains that, in settling all claims against those two insurers, such settlement necessarily includes all remaining causes of action against those companies' insured policyholders.[29] Aggreko further contends that the proposed motion attached to the August 9th letter—which would, if properly filed, dismiss the claims against Wilson, Hunter, and Hunter Trucking—demonstrates that Aggreko is the sole remaining defendant that the Court should consider in connection with its diversity analysis.[30]

In its initial opposition, Aggreko requested limited jurisdictional discovery.[31] Aggreko later advised that it had obtained supplemental materials that would affect the Court's analysis and that its "request for limited jurisdictional discovery is now moot."[32] With the Court's permission,[33] Aggreko filed a supplemental memorandum[34] accompanied by a settlement agreement (the "Agreement"), which is filed under seal.[35] The Agreement contains Sheryl Hampton's signature as the curatrix of Tammy, Cortez Hunter's signature on behalf of Hunter Trucking, and

---

[27] R. Doc. No. 8-1, at 1–4.  This motion to dismiss was filed in Louisiana state court after Aggreko had already removed the matter to this Court.
[28] R. Doc. No. 8, at 3.
[29] *Id.* at 3–4; R. Doc. No. 1, at 6 ¶ 20
[30] R. Doc. No. 8, at 3.
[31] *Id.* at 5.
[32] R. Doc. No. 12, at 2.
[33] R. Doc. No. 11.
[34] R. Doc. No. 12.
[35] R. Doc. Nos. 13 & 14.

counsel's signature on behalf of Hallmark Insurance.[36] The Agreement's "terms of settlement" state that "for and in consideration of the agreements" between the parties, both Houston Insurance and Hallmark Insurance agreed to pay a certain amount of money to the Hamptons; further, no other defendant included in the Agreement "shall have any liability or financial exposure" for any damages or expenses "not covered by [Houston Insurance] and [Hallmark Insurance]."[37] The copy of the Agreement provided to the Court lacks a signature on behalf of Houston Insurance, even though a signature page was included for that purpose.[38]

## II. LAW & ANALYSIS

In general, "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and "all persons on one side of the controversy [are] citizens of different states than all persons on the other side at the time the complaint was filed." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 750 (5th Cir. 2020) (internal quotation marks and citation omitted).

---

[36] R. Doc. No. 12-2, at 11–13, 16.
[37] *Id.* at 3.
[38] *Id.* at 15.

"'[A] case that was not originally removable under our diversity jurisdiction because of the presence of a nondiverse defendant may be removed only after it is clear under applicable state law that the nondiverse defendant has been taken out of the case, leaving a controversy wholly between the plaintiff and the diverse defendant.'" *Aaron v. Bancroft Bag, Inc.*, No. 21-1082, 2021 WL 2374990, at *2 (E.D. La. June 10, 2021) (Lemmon, J.) (quoting *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995)). "State law governs the question whether removal is proper because the nondiverse defendant is no longer effectively a party to the case." *Id.* (citing *Est. of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000)). "A plaintiff's settlement with all nondiverse defendants makes a case removable, if the settlement is irrevocable, binding, and enforceable under state law." *Id.*; *see also Landry v. Eagle, Inc.*, 2012 WL 2338736, at *3–4 (E.D. La. June 19, 2012) (Barbier, J.) (collecting cases).

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)). When jurisdiction is based on diversity, the party invoking the court's jurisdiction must state each party's citizenship distinctly and affirmatively. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also English v. Aramark Corp.*, 858 F. App'x 115, 115–16 (5th Cir. 2021). "[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Smith v. Bank of America Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (quoting *Manguno v.*

*Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Whether complete diversity exists is measured at the time of removal. *Manguno*, 276 F.3d at 723 ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.").

Under the Louisiana Civil Code, a settlement agreement is called a "compromise." *See* La. Civ. Code art. 3071 ("A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."). To be valid and enforceable, a compromise must either be recited in open court and capable of being transcribed from the record of the proceeding, or it must be reduced to writing and signed by the parties or their agents. *Aaron*, 2021 WL 2374990, at *2 (citing *Sullivan v. Sullivan*, 671 So. 2d 315, 317–18 (La. 1996)); *see also* La. Civ. Code art. 3072. Further, "[a] mere unilateral release whereby without any shown or proven consideration one party receives nothing in exchange for the release of his claim, does not meet the legal requirements of a valid compromise[.]" *Deaville v. Exxon Mobil Corporation*, 319 So. 3d 381, 386–87 (La. Ct. App. 4th Cir. 2021) (quoting *Williams v. Winn Dixie*, 447 So.2d 8, 10 (La. Ct. App. 4th Cir. 1984)); *Johnson v. Delchamps, Inc.*, 846 F.2d 1003, 1004 (5th Cir. 1988) (holding that a release was not a binding compromise where an employer gave no consideration to its employee for her agreement to sign the document). In addition, "[a] compromise entered into by one of multiple persons with an interest in the same matter does not bind the others, nor

can it be raised by them as a defense, unless the matter compromised is a solidary obligation." *See* La. Civ. Code art. 3075.

The Hamptons do not address the amount in controversy in their motion to remand, and there is no reason to doubt Aggreko's assertion that the amount in controversy exceeds $75,000.00.[39] The sole matter before the Court is whether complete diversity existed at the time of removal.

The Court must resolve whether an enforceable compromise existed between the Hamptons, who are Louisiana citizens, and the remaining defendants besides Aggreko—Wilson, Hunter, Hunter Trucking, and Houston Insurance—*at the time of removal*. If there exists a valid compromise with those defendants, then Aggreko is the only remaining party whose citizenship bears on this analysis. With a valid compromise, complete diversity existed because Aggreko is a citizen of Delaware and Texas. Conversely, without an enforceable compromise, then the presence of Louisiana citizens Wilson, Hunter, and Hunter Trucking destroys complete diversity with the Hamptons. Further, the presence of Houston Insurance presents an ambiguity because no party, including Aggreko, has specified Houston Insurance's citizenship.

As the removing party, Aggreko must carry the burden to prove that a valid compromise exists. Aggreko's evidence suggests that at the time of removal—September 8, 2021—the Hamptons had reached a tentative compromise to dismiss all claims against Houston Insurance and Wilson, Hunter, and Hunter Trucking. The

---

[39] R. Doc. No. 1, at 8–9 ¶¶ 31–34.

August 9th letter states that counsel enclosed the unsigned, unfiled motions to dismiss "per [counsel's] recent conversation."[40] The August 9th letter also requested that the Hamptons' counsel "execute and return" the motion to dismiss Houston Insurance, which would be filed with the state court.[41] This language suggests that the Hamptons *might* soon approve and return the motions to dismiss.[42] However, that possibility does not affirmatively demonstrate that the Hamptons had voluntarily extinguished their claims against Houston Insurance or Wilson, Hunter, and Hunter Trucking before Aggreko removed this action on September 8, 2021.[43]

Aggreko's supplemental memorandum accompanying the Agreement further supports the notion that the parties were close to confecting a binding compromise, but they had not yet done so. The Agreement lacks a signature on behalf of Houston Insurance, and a tentative compromise is not an enforceable compromise. *See, e.g.*,

---

[40] R. Doc. No. 1-5, at 1.

[41] *Id.*

[42] Aggreko maintains that the Hamptons cannot recover from the nondiverse defendants after compromising their claims, regardless of whether a formal dismissal has been entered by a court. R. Doc. No. 8, at 4 (citing *Griffith v. Progressive Sec. Ins. Co.*, 2021 WL 317888, at *4 (W.D. La. Jan. 7, 2021), *report and recommendation adopted*, 2021 WL 317816 (W.D. La. Jan. 29, 2021)). Even accepting the notion that a formal dismissal is not required, the documents included with the August 9th letter, standing alone, do not demonstrate an enforceable compromise.

[43] Aggreko also argues that Houston Insurance has been dismissed as a party to this action due to the motion to dismiss and subsequent order granting that motion, both filed in Louisiana state court on September 30, 2021. *See* R. Doc. No. 8-1, at 1–4. This argument is unavailing for two reasons. First, the motion and order were filed *after* Aggreko removed this action. Second, the removal of an action to federal court divests the state court of jurisdiction over the matter. *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985) (citing *Medrano v. State of Texas*, 580 F.2d 803, 804 (5th Cir. 1978)). Taken together, these circumstances do not support the conclusion that diversity jurisdiction properly existed at the time of Aggreko's removal.

*Cella v. Allstate Prop. & Cas. Ins. Co.*, No. 10-2744, 2010 WL 4027712 at *2 (E.D. La Oct. 13, 2010) (Vance, J.) (collecting cases in which enforceable compromises did not exist in the absence of signatures on proposed settlement documents); *see also Aaron*, 2021 WL 2374990, at *2–*3. Absent from the record is an affirmative indication that Houston Insurance consented to the Agreement before Aggreko removed this action, or evidence that a compromise was orally entered in open court on the record.

Aggreko maintains that the lack of a signature for Houston Insurance is not dispositive because Houston Insurance "falls within the definition of [Hunter Trucking in the Agreement] based on its status as an insurer of the company."[44] But Aggreko provides no evidence or legal authority that Hunter or Hunter Trucking had authority to bind Houston Insurance or that the contemplated compromise was within the terms and limits of the applicable insurance policy.[45] In construing any ambiguities against removal, as the Court is bound to do, the possibility that Houston Insurance has not consented to the Agreement favors remand, especially when the Hamptons' acceptance is expressly premised on the payment from Houston Insurance.[46]

---

[44] R. Doc. No. 12, at 2 n.4.
[45] The Agreement also lacks a signature from Wilson. R. Doc. No. 12-2, at 14. Aggreko contends that Wilson "falls within the definition of 'Hunter Trucking, LLC' based on his status as an 'employee.'" R. Doc. No. 12, at 2 n.3. The lack of Wilson's signature might be determinative in other contexts, but the Court need not reach this argument because the lack of a signature for Houston Insurance warrants remand.
[46] Aggreko similarly argues that the Agreement is binding because "the settlement has been funded." *See* R. Doc. No. 12, at 2. But Aggreko has provided no evidence demonstrating that any payments have in fact been made or when such payments were made. *Id*.

11

Finally, the Hamptons also ask the Court to award them costs and fees resulting from Aggreko's removal, pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Having reviewed all the parties' arguments and the applicable law, the Court exercises its discretion not to award attorneys' fees or costs.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Hamptons' motion[47] to remand is **GRANTED**. The above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that the Hamptons' request for attorneys' fees and costs is **DENIED**.

New Orleans, Louisiana, December 2, 2021.

                      **LANCE M. AFRICK**
                    **UNITED STATES DISTRICT JUDGE**

---

[47] R. Doc. No. 6.